IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSH ANTHONY SMITH, III,
        Plaintiff,

v.                                                                        Civil Action No. 3:20cv864

JAMES LEBBETTER, et al.,
        Defendants.

## **ORDER**

This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 1.) Upon due consideration, the Court FINDS the plaintiff unable to pay the costs of proceeding in this case. Accordingly, the Court GRANTS the plaintiff's motion and DIRECTS the Clerk to docket the complaint.

When a plaintiff proceeds without prepaying fees or costs, as the plaintiff does in this case, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The Court affords pro se complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Nevertheless, the Court need not attempt to "discern the unexpressed intent of the plaintiff." *Id.* Furthermore, liberal construction does not excuse a clear failure to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). **The Court has reviewed the complaint filed along with the plaintiff's application, and it does not plead sufficient facts for the Court to discern whether the complaint states a claim against the defendant.**

Rather than dismiss the complaint, the Court DIRECTS the plaintiff to file an amended complaint within **twenty-one (21) days** of this Order. At the top of the amended complaint, the

plaintiff must place the following caption: AMENDED COMPLAINT FOR CIVIL ACTION NO. 3:20cv743. The amended complaint should include the following:

1. The first paragraph(s) must contain a list of defendants as well as their addresses.

2. The plaintiff must explain why the Court has subject matter jurisdiction over his case.

3. In a section titled "FACTS," in separately numbered paragraphs, the plaintiff must set forth a short statement of the facts giving rise to his claims for relief. These facts must set forth a claim that can proceed in a federal district court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (explaining that a complaint must allege "enough facts to state a claim to relief that is plausible on its face").

4. Next, in separately titled sections, the plaintiff must clearly identify each legal claim and the basis under federal or state law for that claim, citing applicable statutes where possible. Under each section, the plaintiff must explain why he believes each defendant is liable to him. Such explanation should refer to the specific numbered paragraphs in the "FACTS" section that support each legal claim.

5. Finally, the plaintiff should include a list of the relief he seeks. If he seeks money damages, the plaintiff should include the dollar amount of damages.

In the amended complaint, the plaintiff may not refer to or rely on any previous pleadings or filings in other cases. Once filed, the amended complaint will become the operative complaint in this case. Failure to comply strictly with the requirements set forth above will result in dismissal of the case. *See* Fed. R. Civ. P. 41(b).

It is so ORDERED.

Let the Clerk send a copy of this Order to the pro se plaintiff.

Date: 2 December 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge