IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSH ANTHONY SMITH, III,
        Plaintiff,

v.                                                        Civil Action No. 3:20cv864

JAMES LEBBETTER, et al.,
        Defendants.

## ORDER

This matter comes before the Court on the amended complaint filed by the plaintiff, Josh Anthony Smith, III. (ECF No. 4.) For the reasons set forth below, the Court DISMISSES the plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "though [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276. Additionally, 28 U.S.C. § 1915(e)(2)(B), provides that this court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines" that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Upon review of Smith's amended complaint, the Court must dismiss this action for failure to state a claim. Smith's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In particular, Smith's complaint fails to provide a sufficient recitation of the *facts* underlying his claims against the defendants. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action;'" when it fails to do so, it is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79. A claim becomes "facially plausible" when the complainant offers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While it is difficult to decipher, Smith appears to assert claims for violations of several federal and state laws. (ECF No. 4, at 6–7.) He invokes, among other things, "The Civil Rights of 1968," "Harassment The Disable (Violation) of the American with Disabilities Act," "18.2-121 inllegal Entry. To distroy evidence," and "Racism Discrimination Federal Protection Against National Origin Discrimination." But he does not plead sufficient *facts* connected to the defendants' purported violations of these laws. Indeed, he includes nothing in the section of his amended complaint entitled "The Statement of Facts." (*Id.* at 8.)

Nor does he state sufficient facts to support a claim for relief in any other portion of his amended complaint. For example, in the section entitled "Relief I Seek," Smith alleges that one

2

defendant, Sonya Banks Collins, "[i]lleg[ally] tow[ed] [his] car with[]out providing any written notices." (*Id.* at 9.) He also asserts that Collins and another defendant, Regina Harris, "told" him to get rid of "[t]he food inside" a "commercial grade freezer" he had. (*Id.*) Even construed liberally, these statements do not offer "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Smith does not plead sufficient facts to show that he is entitled to relief, the Court DISMISSES his complaint WITHOUT PREJUDICE.

Should Smith wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk mail a copy via U.S. Mail to Smith.

Date: 28 December 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3